IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02142-WYD-BNB

CHARLES D. SWANSON, derivatively on behalf of JANUS CAPITAL GROUP, INC.,

Plaintiff,

v.

RICHARD M. WEIL,
STEVEN L. SCHEID,
TIMOTHY K. ARMOUR,
PAUL F. BALSER,
G. ANDREW COX,
JEFFREY J. DIERMEIER,
J. RICHARD FREDERICKS,
DEBORAH R. GATZEK,
LAWRENCE E. KOCHARD,
ROBERT T. PARRY,
JOCK PATTON,
GLENN S. SCHAFER,
JONATHAN D. COLEMAN,
GREGORY A. FROST,
JAMES P. GOFF, and
R. GIBSON SMITH,

Defendants.

and

JANUS CAPITAL GROUP, INC.,

Nominal Defendant.

_____

MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS

_____

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 4

I.      LEGAL STANDARDS ......................................................................................... 4

II.     THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF
FIDUCIARY DUTY (COUNTS II-IV)................................................................. 4

       A.     Plaintiff Fails To Plead a Breach of Loyalty ........................................ 5

       B.     The Complaint Fails To Plead a Breach of Good Faith ........................ 6

       C.     Plaintiff Fails To Plead a Breach of Care ............................................. 9

       D.     Plaintiff's Disclosure Allegations Fail To State a Breach of Fiduciary Duty ....... 10

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION
14(A) OF THE EXCHANGE ACT (COUNT I)................................................... 12

IV.    THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST
ENRICHMENT (COUNT V) ............................................................................. 13

CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) .......................................................... 4, 5, 9

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ....................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 4

*Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) ......................................................... 4, 6, 7, 9

*Britton v. Parker*, Nos. 06-cv-01797, 06-cv-1922, 06-cv-02017,
    2009 WL 3158133 (D. Colo. Sept. 23, 2009) ............................................................ 13

*Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345 (Del. 1994), *modified*,
    636 A.2d 956 (Del. 1994) ......................................................................................... 5, 9

*Dominick v. Marcove*, 809 F. Supp. 805 (D. Colo. 1992) ......................................... 12, 13

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982) ................................................................... 4

*Epic Enters. v. Brothers*, 395 F. Supp. 773 (N.D. Okla. 1975) ..................................... 13

*In re Cox Radio, Inc. S'holders Litig.*, Civ. A. No. 4461, 2010 WL 1806616
    (Del. Ch. May 6, 2010), *aff'd*, 9 A.3d 475 (2010) .................................................. 8, 9

*In re Goldman Sachs Grp., Inc. S'holder Litig.*, Civ. A. No. 5215,
    2011 WL 4826104 (Del. Ch. Oct. 12, 2011) ............................................................ 6, 7

*In re KDI Corp. S'holders Litig.*, No. Civ.A. 10278, 1990 WL 201385
    (Del. Ch. Dec. 13, 1990) ................................................................................................ 9

*In re Lukens Inc. S'holders Litig.*, 757 A.2d 720 (Del. Ch. 1999), *affd sub nom.*
    *Walker v. Lukens, Inc.*, 757 A.2d 1278 (Del. 2000) .................................... 5, 10, 11, 12

*In re ms55, Inc.*, No. 10-cv-00042, 2011 WL 1084967 (D. Colo. Mar. 21, 2011) ......... 4

*In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27 (Del. 2006) ............................... 10

*Litt v. Wycoff*, No. Civ.A. 19083, 2003 WL 1794724 (Del. Ch. Mar. 28, 2003) ........... 9

*Loudon v. Archer-Daniels-Midland Co.*, 700 A.2d 135 (Del. 1997) ....................... 11, 12

*Lyondell Chem. Co. v. Ryan*, 970 A.2d 235 (Del. 2009) ................................................. 6

*Malpiede v. Townson*, 780 A.2d 1075 (Del. 2000) ........................................................ 12

*Nemec v. Shrader*, 991 A.2d 1120 (Del. 2010) ............................................................. 14

*O'Reilly v. Transworld Healthcare, Inc.*, 745 A.2d 902 (Del. Ch. 1999) ..................... 11

*Pfeffer v. Redstone*, 965 A.2d 676 (Del. 2009)..................................................................11

*Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170 (Del. 2001)........................................................12

*Teamsters Local 237 Additional Sec. Benefit Fund v. McCarthy*,
    No. 2011-cv-197841, 2011 WL 4836230 (Ga. Super. Sept. 16, 2011).....................8, 14

*Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083 (1991)........................................................13

*Wayne Cnty. Emps. Ret. Sys. v. Corti*, 954 A.2d 319 (Del. Ch. 2008) .................................10, 11

## STATUTES

15 U.S.C. § 78n-1 ....................................................................................................................8

Del. Code Ann. tit. 8, § 102(b)(7)..........................................................................................10

Del. Code Ann. tit. 8, § 141.................................................................................................4, 9

Del. Code Ann. tit. 8, § 174....................................................................................................10

Individual defendants Richard M. Weil, Steven L. Scheid, Timothy K. Armour, Paul F. Balser, G. Andrew Cox, Jeffrey J. Diermeier, J. Richard Fredericks, Deborah R. Gatzek, Lawrence E. Kochard, Robert T. Parry, Jock Patton, Glenn S. Schafer, Jonathan D. Coleman, Gregory A. Frost, James P. Goff, and R. Gibson Smith (collectively, "Individual Defendants") respectfully submit this memorandum in support of their motion to dismiss the Amended Verified Shareholder Derivative Complaint ("Complaint") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and the substantive requirements of controlling Delaware law.  The Individual Defendants also join the motion to dismiss for failure to plead demand futility made by nominal defendant Janus Capital Group Inc. ("Janus" or the "Company").[1]

## INTRODUCTION

This is a shareholder derivative action purportedly brought on behalf of nominal defendant Janus against its directors and certain executive officers challenging Janus' 2010 executive compensation.  The Complaint is one of over a dozen meritless, cookie-cutter complaints filed across the country in the wake of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), enacted by Congress on July 21, 2010.

Dodd-Frank requires that public companies hold a non-binding advisory shareholder vote on executive compensation (an advisory "say on pay" vote) at least once every three years.  Since the enactment of Dodd-Frank, dozens of companies have failed to obtain majority support in such advisory votes.  These companies have become litigation targets based on the faulty premise that a negative say on pay vote somehow "rebuts" the existing legal presumption that the challenged compensation was based on informed, good faith business judgment to which the courts should defer.  Plaintiff Charles D. Swanson ("Plaintiff") and other purported shareholders

---

[1] Although this motion presents matters outside the pleadings, it should not be converted to a motion for summary judgment because the Court may consider or take judicial notice of such matters for the reasons stated in the accompanying Request for Judicial Notice in Support of Defendants' Motions To Dismiss.

have filed say on pay cases despite the fact that Dodd-Frank expressly disavows any intent or effect of overturning decades of established corporate law affirming directors' wide discretion to set executive compensation.  Courts have already dismissed two such actions.  This Court should dismiss this case as well.

Janus moves to dismiss the Complaint because Plaintiff did not make a pre-litigation demand on Janus' Board of Directors and has failed to meet the stringent requirements for showing how such a demand would have been futile.  While the Complaint should be dismissed for failure to plead demand futility, it should also be dismissed for the independent reason that it fails to state a claim.  The Complaint asserts breaches of fiduciary duties in connection with the Board's compensation practices, the Board's failure to respond to the negative say on pay vote, and the issuance of allegedly false and misleading statements regarding Janus' 2010 compensation in Janus' proxy.  None of these allegations rebuts the business judgment presumption under controlling Delaware law.

The Complaint fails to allege that any member of the Compensation Committee stood on both sides of the decision to approve the 2010 executive compensation or that any director was dominated or controlled by someone who did.  Janus' Chief Executive Officer ("CEO") Richard M. Weil is the only director alleged to have had any personal stake in the 2010 executive compensation, and he was not a member of the Compensation Committee.  Likewise, Plaintiff fails to allege that a majority of Janus' twelve directors stood on both sides of the decision to recommend such compensation to shareholders or was dominated and controlled by Mr. Weil.  Nor does Plaintiff challenge that the directors acted on an informed basis in approving and recommending the 2010 executive compensation.  Thus, any claims for breaches of loyalty or care must be dismissed.

Plaintiff accuses the Board of violating its own "pay for performance" policy, but can only reach this conclusion by equating "performance" with his own metric of choice, namely Janus' share price. In doing so, he ignores Janus' actual policies and metrics. It is undisputed that executive compensation at Janus is based on several policies and numerous metrics that measure both Company and individual performance. Yet Plaintiff fails to plead any facts showing that any director acted in bad faith in adopting and applying these policies and metrics in awarding 2010 executive compensation. Just because Plaintiff would have done things differently does not mean the directors breached any fiduciary duty.

Nor can Plaintiff show that the directors breached any fiduciary duty by failing to respond to the advisory say on pay vote. Plaintiff's reliance on the results of the advisory say on pay vote is misplaced because Dodd-Frank explicitly states that such a vote does not overrule a decision by the Board or create or imply any additional fiduciary duties to rescind or otherwise respond to such a vote.

Because the directors did not violate its "pay for performance" policy, Plaintiff's claim that the Board falsely stated in Janus' proxy that its compensation policy emphasized pay for performance fails to state a disclosure claim under Delaware law or Section 14(a) of the Securities Exchange Act of 1934. Also fatal to the Section 14(a) claim is Plaintiff's inability to show that the non-binding advisory votes solicited by the proxy were legally required to authorize the 2010 executive compensation.

Finally, Plaintiff's claim that certain executives were unjustly enriched at the expense of Janus fails because: (1) Plaintiff has failed to allege facts showing that the compensation awarded was inconsistent with Janus' policies and metrics; and (2) it is undisputed that the executives provided services in exchange for their compensation in 2010.

## BACKGROUND

The Individual Defendants incorporate by reference the Background section in the Memorandum of Law in Support of Nominal Defendant Janus Capital Group Inc.'s Motion To Dismiss, including the defined terms therein.

## ARGUMENT

### I.   LEGAL STANDARDS

A court should grant dismissal under Fed. R. Civ. P. 12(b)(6) where a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Because Janus is a Delaware corporation (Compl. ¶ 20), Delaware law governs Plaintiff's breach of fiduciary duty and unjust enrichment claims. *See Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982) (corporation's internal affairs are those "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders"); *In re ms55, Inc.*, No. 10-cv-00042, 2011 WL 1084967, at *5 (D. Colo. Mar. 21, 2011) (applying Delaware law to breach of fiduciary duty claims pursuant to "internal affairs doctrine").

### II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNTS II-IV)

"A cardinal precept of the General Corporation Law of the State of Delaware is that directors, rather than shareholders, manage the business affairs of the corporation." *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) (citing Del. Code Ann. tit. 8, § 141(a) ("The business and affairs of every corporation organized under this chapter shall be managed by or under the direction of a board of directors[.]")), *overruled in part on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). "The business judgment rule is an acknowledgement of the managerial prerogatives of Delaware directors under Section 141(a). It is a presumption that in

making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in best interests of the company." *Aronson*, 473 A.2d at 812 (internal citation omitted).

"To rebut the rule, a shareholder plaintiff assumes the burden of providing evidence that directors, in reaching their challenged decision, breached any one of the *triads* of their fiduciary duty – good faith, loyalty or due care." *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1994) (emphasis in original), *modified*, 636 A.2d 956 (Del. 1994). "If a shareholder plaintiff fails to meet this evidentiary burden, the business judgment rule attaches to protect corporate officers and directors and the decisions they make, and our courts will not second-guess these business judgments." *Cede*, 634 A.2d at 361.

Here, Plaintiff alleges that the Directors breached these duties in connection with the Board's compensation practices, the Board's failure to respond to the negative say on pay vote, and the issuance of false and misleading statements regarding Janus' 2010 compensation in the Proxy. None of these allegations rebuts the business judgment presumption.

### A.      Plaintiff Fails To Plead a Breach of Loyalty

To state a breach of loyalty, Plaintiff must plead that a majority of the Directors "either stood on both sides" of the challenged compensation decisions "or were dominated and controlled by someone who did." *In re Lukens Inc. S'holders Litig.*, 757 A.2d 720, 728 (Del. Ch. 1999), *aff'd sub nom. Walker v. Lukens, Inc.*, 757 A.2d 1278 (Del. 2000). Here, of Janus' twelve directors, only Janus' CEO Mr. Weil is alleged to have had a personal stake in such decisions. The Complaint fails to allege that any member of the Compensation Committee stood on both sides of the compensation decision or was dominated and controlled by someone who did. Plaintiff likewise fails to allege that a majority of the Directors stood on both sides of the decision to recommend such compensation to shareholders or was dominated and controlled by Mr. Weil. Thus, Plaintiff's breach of loyalty claim must be dismissed.

**B.     The Complaint Fails To Plead a Breach of Good Faith**

To plead a breach of good faith, Plaintiff must show that a "fiduciary intentionally fail[ed] to act in the face of a known duty to act, demonstrating a conscious disregard for his duties." *Lyondell Chem. Co. v. Ryan*, 970 A.2d 235, 243 (Del. 2009).  Plaintiff's allegations regarding the Board's actions with respect to the 2010 executive compensation practices and failure to respond to the negative say on pay vote do not come close to meeting the standard.

Plaintiff appears to argue the "Defendants knew or should have known that by increasing 2010 executive compensation while Janus's share price declined, they were breaching their fiduciary duties[.]"  Compl. ¶ 40.  This argument is unavailing because Delaware courts have long given broad discretion to directors with respect to executive compensation.  The Delaware Supreme Court has held that "a board's decision on executive compensation is entitled to great deference."  *Brehm*, 746 A.2d at 263 ("[i]t is the essence of business judgment for a board to determine if 'a particular individual warrant[s] large amounts of money'"); *see, e.g., In re Goldman Sachs Grp., Inc. S'holder Litig.*, Civ. A. No. 5215, 2011 WL 4826104, at *14 (Del. Ch. Oct. 12, 2011) ("The decision as to how much compensation is appropriate to retain and incentivize employees, both individually and in the aggregate, is a core function of a board of directors exercising its business judgment.").

Plaintiff also alleges that "Defendants knew or should have known" that they violated the Board's stated "pay-for-performance" policy by recommending shareholder approval of the 2010 executive compensation.  Compl. ¶¶ 40, 112.  This argument fails because the Compensation Committee did not violate its own policies.  These policies included:  (1) alignment of executive interests with those of public and fund shareholders; (2) competitive pay; (3) rewarding performance against financial and strategic objectives; (4) meritocracy; and (5) risk management.  Ex. A at 33.

Plaintiff asserts that "the Board inexplicably increased total executive compensation" when the Company's stock price declined, thereby violating its policy of providing "a strong and direct link between pay and both Company and individual performance."  Compl. ¶ 112.  Only

by equating "performance" with the Company's stock price can Plaintiff conclude that the Board violated its pay for performance policy.  In doing so, Plaintiff ignores the Compensation Committee's actual metrics for both Company and individual performance.

For the Company, these "performance goals and metrics for 2010 focused on [its] success as measured by Company profits, net flows and [its] performance against several strategic initiatives" established by the Compensation Committee and Mr. Weil upon his appointment as CEO.  Ex. A at 37-38.  For each individual, the Compensation Committee considered numerous factors, including market data, individual performance, all components of an executive officer's compensation, wealth accumulation analysis, the mix of cash and long-term incentives, the compensation consultant's advice, and for the CEO, input from independent directors of the Board.  *Id.* at 31-32.

Plaintiff's attempt to substitute the Compensation Committee's actual metrics with his own metric, Janus' share price, should be rejected.  *See, e.g., Goldman*, 2011 WL 4826104, at *14 ("The Plaintiffs do not allege that the board failed to employ a metric to set compensation levels; rather, they merely argue that a different metric . . . would have yielded a better result.  But this observance does not make the board's decision self-evidently wrong, and it does not raise a reasonable doubt that the board approved Goldman's compensation structure in good faith."); *Brehm*, 746 A.2d at 266 ("Plaintiffs' sole argument appears to be they do not agree with the course of action taken by the Board regarding Ovitz's separation from Disney.  This will not suffice to create a reasonable doubt that the Board's decision to grant Ovitz a Non-Fault Termination was the product of an exercise of business judgment.").  Nor has Plaintiff pleaded facts to raise any doubt that the Compensation Committee applied these Company and individual metrics in good faith in awarding the 2010 executive compensation.

Finally, Plaintiff cannot show that the Directors consciously disregarded their duties or breached any other fiduciary duty by failing to respond to the advisory say on pay vote.  Enacted on July 21, 2010, Section 951 of Dodd-Frank requires that public companies hold a *non-binding*

*advisory* shareholder vote on executive compensation at least once every three years.  15 U.S.C.

§ 78n-1(a).  Dodd-Frank provides that such a shareholder vote:

> *shall not be binding* on the issuer or the board of directors of an
> issuer, and *may not* be construed –
> (1) as overruling a decision by such issuer or board of directors;
> (2) to create or imply any change to the fiduciary duties of such
> issuer or board of directors; [or]
> (3) to create or imply any additional fiduciary duties for such
> issuer or board of directors[.]

15 U.S.C. § 78n-1(c) (emphases added).  This language makes clear that Dodd-Frank does not

"overrul[e]" a decision by the Board or "create or imply any additional fiduciary duties" to

rescind or otherwise respond to a say on pay vote.  *See Teamsters Local 237 Additional Sec.*

*Benefit Fund v. McCarthy*, No. 2011-cv-197841, 2011 WL 4836230, at § III.B.2.b (Ga. Super.

Sept. 16, 2011) ("*McCarthy*") ("Plaintiffs' allegations that Beazer's Board has not 'rescinded'

the challenged 2010 executive compensation since learning the results of the [negative] say on

pay vote . . . likewise fail either to (a) rebut the business judgment rule or (b) properly allege

excuse for Plaintiffs' failure to make a pre-suit demand.").  Thus, the Directors could not have

breached their duty of good faith or any other fiduciary duty by not responding to the advisory

say on pay vote.

Nor does the advisory say on pay vote rebut the business judgment of the Compensation

Committee or Directors in approving and recommending the 2010 executive compensation

because the vote occurred *after* such decisions were made.  The outcome of a say on pay vote,

"which was not known when the challenged decisions were made, does not suggest that, in

making those decisions, the directors failed to act on an informed basis, in good faith, and in the

honest belief that the decisions were in Beazer's best interests."  *McCarthy*, 2011 WL 4836230,

at § III.B.2.a.  This is because Delaware law forbids using events subsequent to the challenged

action to second guess a board's business judgment.  *See In re Cox Radio, Inc. S'holders Litig.*,

Civ. A. No. 4461, 2010 WL 1806616, at *14 (Del. Ch. May 6, 2010) (data that post-dates challenged transaction "cannot be used to second guess the business judgment of Delaware directors"), *aff'd*, 9 A.3d 475 (2010); *Litt v. Wycoff*, No. Civ.A. 19083, 2003 WL 1794724, at *9 (Del. Ch. Mar. 28, 2003) (determining whether board's action was result of business judgment requires evaluation of board's action "as of the time of that decision"). Likewise, in *Jacobs Engineering Group, Inc. Consolidated Shareholder Derivative Litigation*, the Court sustained a demurrer, thus rejecting plaintiffs' argument that an adverse say on pay vote rebuts the business judgment presumption. *See* Ex. D at 2; Ex. E ¶ 2.

### C.    Plaintiff Fails To Plead a Breach of Care

"In order to establish a breach of the duty of care, plaintiffs must plead and prove that the directors were not reasonably informed." *In re KDI Corp. S'holders Litig.*, No. Civ.A. 10278, 1990 WL 201385, at *3 (Del. Ch. Dec. 13, 1990) (citing *Aronson*, 473 A.2d at 812); *see Cede*, 634 A.2d at 367 (duty of directors to act on informed basis forms duty of care element of business judgment rule). The directors' lack of information must amount to "gross negligence" to be actionable. *Aronson*, 473 A.2d at 812; *KDI*, 1990 WL 201385, at *3.

Here, the Proxy leaves no doubt that the Compensation Committee acted on an informed basis in approving the 2010 executive compensation by meeting six times in fiscal 2010, considering market data, and conferring with senior management, Human Resources, independent directors from the Board, and an outside compensation consultant. Ex. A at 13, 31-34, 39. Indeed, Plaintiff does not challenge that the Compensation Committee or the Board acted on an informed basis in approving and recommending the 2010 executive compensation.[2]

---

[2] Moreover, the Directors are shielded from liability to the extent the Compensation Committee relied upon the advice of its compensation consultant (Ex. A at 32). *See* Del. Code Ann. tit. 8, § 141(e) (director "shall" be "fully protected in relying in good faith upon . . . such information, opinions, reports or statements" by any person as to matters director "reasonably believes are within such other person's professional or expert competence"); *Brehm*, 746 A.2d at 261-62 (plaintiff failed to rebut presumption of directors' good faith reliance on compensation expert).

Plaintiff's breach of care claim also fails because the Directors are protected by the exculpatory provisions of Janus' certificate of incorporation.  This certificate provides that the Directors "shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware Corporation Law[.]"  Ex. B at 8; *see* Ex. C at 3.[3]  Section 102(b)(7) of the Delaware Code provides that a certificate of incorporation may include a "provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director" except for:  (1) breaches of loyalty; (2) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of the law; (3) unlawful payment of dividend or unlawful stock purchase or redemption; or (4) any transaction in which the director derived an improper personal benefit. Del. Code Ann. tit. 8, §§ 102(b)(7), 174.

Section 102(b)(7) "authorizes Delaware corporations, by a provision in the certificate of incorporation, to exculpate their directors from monetary damage liability for a breach of the duty of care."  *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 65 (Del. 2006).  As the Court of Chancery has observed:

> The function of the § 102(b)(7) Provision is to render duty of care claims not cognizable and to preclude plaintiffs from pressing claims of breach of fiduciary duty, absent the most basic factual showing (or reasonable basis to infer) that the directors' conduct was the product of bad faith, disloyalty or one of the other exceptions listed in the statute.  Dismissal is proper where no exception is alleged.

*Lukens*, 757 A.2d at 734.  Because Plaintiff has failed to show that any of these exceptions apply, his breach of care claim should be dismissed.

### D.    Plaintiff's Disclosure Allegations Fail To State a Breach of Fiduciary Duty

"The fiduciary duty of disclosure, which is a specific application of the duties of care and loyalty, requires that a board of directors 'disclose fully and fairly all material information within the board's control when it seeks shareholder action.'"  *Wayne Cnty. Emps. Ret. Sys. v. Corti*,

---

[3] Ex. B is the Amended and Restated Certificate of "Stillwell Financial, Inc." (renamed "Stillwell Financial Inc.") and Ex. C shows that "Stillwell Financial Inc." was renamed "Janus Capital Group Inc."

954 A.2d 319, 330 (Del. Ch. 2008).  Thus, to the extent Plaintiff's disclosure claim is based on a

breach of care, Janus' exculpatory provision precludes any monetary damages.  *See Lukens*, 757

A.2d at 728, 735 n.47 (to extent disclosure claims are due to directors' lack of care, "such claims

can also be dismissed because of the presence of the § 102(b)(7) Provision").

"To state a claim for breach of the fiduciary duty of disclosure on the basis of a false

statement or representation, a plaintiff must identify (1) a material statement or representation in

a communication contemplating shareholder action (2) that is false."  *Pfeffer v. Redstone*, 965

A.2d 676, 686 n.28 (Del. 2009).  Here, the Complaint does not identify any "materially false and

misleading statements" other than that the Board "falsely stated that its compensation committee

emphasized 'pay for performance'"; "failed to disclose that the 2010 executive compensation

had no meaningful relationship to the Company's performance"; and "conceal[ed] the fact that

the Company was overpaying its directors, officers, and employees via compensation plans

premised on an illusory 'pay for performance' executive compensation scheme" in the Proxy.

*See* Compl. ¶¶ 9, 60-61, 106.[4]  These conclusory allegations fail to plead falsity or materiality.

Plaintiff's mischaracterizations of the Proxy "cannot support a claim for violation of the

fiduciary duty of disclosure."  *O'Reilly v. Transworld Healthcare, Inc.*, 745 A.2d 902, 925 (Del.

Ch. 1999).  As explained above, the Proxy never represented share price as the sole measure of

performance relevant to executive compensation.  Nor does Plaintiff plead any facts to show that

the Compensation Committee did not award such compensation according to its own policies

and metrics.  Likewise, Plaintiff cannot create a disclosure claim by concocting an alleged breach

of company policy and then faulting the Directors for failing to "disclose" that supposed breach.

*See Loudon v. Archer-Daniels-Midland Co.*, 700 A.2d 135, 143 (Del. 1997) ("directors' duty of

disclosure does not oblige them to characterize their conduct in such a way as to admit

---

[4] While the Complaint asserts this claim (Count II) against all defendants, it fails to explain any basis for asserting it against the non-director defendants, namely Messrs. Coleman, Frost, Goff, and Smith.

wrongdoing"); *Lukens*, 757 A.2d at 736 ("It is well understood that directors are not required to engage in 'self-flagellation' by disclosing their alleged breaches of duty.").

Nor can Plaintiff show how the alleged statements or omissions were material given that Janus' say on pay vote was merely *advisory* and in any event, shareholders *rejected* Janus' say on pay proposal. The Delaware Supreme Court has repeatedly held that to plead materiality, a plaintiff "must allege that facts are missing from the statement, identify those facts, state why they meet the materiality standard and *how the omission caused injury*." *Malpiede v. Townson*, 780 A.2d 1075, 1087 (Del. 2000) (emphasis added); *Loudon*, 700 A.2d at 141 (emphasis added); *accord Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170, 1173 (Del. 2001). The only "injury" Plaintiff alleges is the 2010 executive compensation paid (Compl. ¶ 76), but this was not caused by anything in or omitted from the Proxy. The Compensation Committee had already approved and awarded such compensation. Shareholders were merely casting an advisory vote and apparently had sufficient information to reject the say on pay proposal.

## III.  PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 14(A) OF THE EXCHANGE ACT (COUNT I)

"Section 14(a) and the rules and regulations promulgated thereunder make it unlawful to solicit proxies with a proxy statement containing materially misleading statements and omissions of material fact." *Dominick v. Marcove*, 809 F. Supp. 805, 806 (D. Colo. 1992). "To prove that a proxy misstatement caused a shareholder's damages the proxy solicitation must have been the essential causal link in accomplishing the proposed action." *Id.* at 807.

Plaintiff alleges that the Proxy misrepresented that the goal of the Company's executive compensation program is to "provide a strong and direct link between pay and both Company and individual performance" because the Board increased executive compensation in 2010 when Janus' share price dropped. Compl. ¶¶ 5, 97. This fails to plead a misrepresentation because:

(1) the Proxy never represented share price as the sole measure of performance relevant to executive compensation; and (2) Plaintiff pleads no facts to show that the Compensation Committee did not award such compensation according to its own policies and metrics. *See supra* § II.B.

Also fatal to this claim is the absence of loss causation. The Supreme Court has held that to show loss causation, the proxy must solicit "votes legally required to authorize the action proposed." *Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1102 (1991); *see Dominick*, 809 F. Supp. at 807 (loss causation "cannot be proven where, as here, approval by the minority shares is not legally required to authorize the transaction"); *Epic Enters. v. Brothers*, 395 F. Supp. 773, 776 (N.D. Okla. 1975) ("The proxy solicitation was not a link in the accomplishment of either the (1) alleged overexpenditures or (2) the alleged illegal loan. These actions were taken by virtue of Defendants' position in the corporation and not through an authorization obtained through alleged false proxy statements.").

Here, the *advisory non-binding* "say on pay" votes solicited by the Proxy were not legally required to authorize the award of the 2010 executive compensation, the only loss Plaintiff claims. Thus, nothing in or omitted from the Proxy could have caused any loss. This conclusion is bolstered by the fact that shareholders voted *against* the say on pay proposal. *See Britton v. Parker*, Nos. 06-cv-01797, 06-cv-1922, 06-cv-02017, 2009 WL 3158133, at *11 (D. Colo. Sept. 23, 2009) (loss causation element inquires "whether the transaction described in the allegedly misleading Proxy Statement was one that, *once approved* by shareholders, resulted in a loss to the Plaintiff") (emphasis added).

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT (COUNT V)

Under Delaware law, unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of

justice or equity and good conscience." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).

"The elements of unjust enrichment are:  (1) an enrichment, (2) an impoverishment, (3) a relation

between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence

of a remedy provided by law." *Id.*

Plaintiff asserts the executive defendants, namely Messrs. Weil, Coleman, Frost, Goff,

and Smith, "have been unjustly enriched at the expense of Janus" because the 2010 executive

compensation was "excessive and unwarranted in light of Janus's dismal 2010 financial

performance[.]"  Compl. ¶¶ 1, 125.  These conclusory allegations fail to show "the absence of

justification" because:  (1) Plaintiff has failed to allege facts showing the compensation awarded

was inconsistent with the Compensation Committee's policies and metrics; and (2) it is

undisputed that the Executive Defendants provided services in exchange for their compensation

in 2010.  *See McCarthy*, 2011 WL 4836230, at § III.C.5 ("Plaintiffs' conclusory allegation that

the 2010 executive compensation was 'excessive' because Beazer lost money during fiscal 2010

and the Company's stock price return allegedly declined is simply not enough to state a claim for

unjust enrichment, and Plaintiffs allege nothing else.  Plaintiffs do not allege that the Beazer

executives who received the compensation failed to perform their job duties in fiscal 2010[.]").

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully requests that the Court

GRANT its motion to dismiss.

Dated:  December 21, 2011                     Respectfully submitted,

*/s/ Tamara A. Hoffbuhr Seelman*
John S. Lutz
Tamara A. Hoffbuhr Seelman
FAIRFIELD AND WOODS P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 830-2400
Fax:  (303) 830-1033

William B. Chandler III
Douglas J. Clark
Ignacio E. Salceda
Angie Young Kim
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Phone:  (650) 493-9300
Fax:  (650) 493-6811

*Attorneys for Nominal Defendant Janus*
*Capital Group Inc. and Individual Defendants*
*Richard M. Weil, Steven L. Scheid, Timothy K.*
*Armour, Paul F.   Balser, G. Andrew Cox,*
*Jeffrey J. Diermeier, J. Richard Fredericks,*
*Deborah R. Gatzek, Lawrence E. Kochard,*
*Robert T. Parry, Jock Patton, Glenn S.*
*Schafer, Jonathan D. Coleman, Gregory A.*
*Frost, James P. Goff, and R. Gibson Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2011, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

clilley@lilleylaw.com
karen@codyhopkinslaw.com
shopkins@zlk.com


*/s/ Susie Duran*
Susie Duran